**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SHANNON BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00042-HEA |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant") files this Memorandum in Support of its Motion for Summary Judgment, and respectfully requests that the Court enter judgment in its favor on Plaintiff's Complaint (Doc. 1) in its entirety.

**I.      INTRODUCTION**

Plaintiff brought this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., action against Portfolio on June 18, 2018, alleging that Portfolio telephoned her beginning "in or around April 2017 and continuing through around September 2017" after she told Portfolio that she did not wish to be contacted (which she alleges was in or around April 2017).[1]   (Doc. 1 ¶¶ 14, 19-22.)   Plaintiff alleges that despite her request to cease calling, Portfolio telephoned her in violation of Section 1692d and 1692d(5) of the FDCPA.  Plaintiff's FDCPA claim is unsupportable.

Plaintiff did *not* advise Portfolio to cease telephoning her.  Thus, because the basis for her assertion that the telephone calls harassed, oppressed, or abused Plaintiff in violation of Section 1692d or 1692d(5) is unsupported, her FDCPA claims fail as a matter of law.

---

[1] Plaintiff also alleges that: "20.  On subsequent calls through July 2017, Plaintiff [sic] her instruction to Defendant not to call."  (Doc. 1 ¶ 20.)  That allegation is unclear.

OM 519581.1

## II.    SUMMARY OF THE FACTS

A complete recitation of the undisputed material facts in this case is set forth in Portfolio's concurrently filed Statement of Uncontroverted Material Facts in Support of Its Motion for Summary Judgment (referred to as "SOF").  The following is a summary of those facts.

Portfolio is the owner of Plaintiff's Maurices merchant account ("Account").  (SOF ¶ 1.) Plaintiff has not disputed that Portfolio owns the Account and she has not disputed the correctness of the amount sought.  (Id. ¶¶ 3-4.)  Portfolio maintains account notes and call recordings pertinent to Plaintiff's Account.  (Id. ¶ 6.)  Portfolio telephoned Plaintiff only to collect the debt, and had no "intent to annoy, abuse, or harass" Plaintiff (which is required for a claim under Section 1692d(5)).  (Id. ¶ 9.)

Portfolio has a policy and procedure pertaining to verbal "do not call" requests and per that procedure, if the customer informs Portfolio not to call, Portfolio's representatives will notate the customer's account notes and inform the customer that the calls are discontinued for seven days as a courtesy to allow time for a written request to arrive.  (SOF ¶ 7.)  At no time did Plaintiff ask Portfolio to cease telephoning her in connection with her Account, as substantiated by Portfolio's account notes and call recordings of the calls between Plaintiff and Portfolio. (SOF ¶¶ 8, 10-11.)  Portfolio also received no written request from Plaintiff to cease telephoning her.  (SOF ¶ 12.)

Plaintiff has no call recordings of any calls between her and Portfolio and Plaintiff has not identified any particular calls where Portfolio violated the FDCPA.  (Id. ¶¶ 14-16.) Furthermore, Plaintiff has not brought forward any evidence as to the number of calls that Portfolio placed to her and that the number was egregious; nor has Plaintiff alleged that Portfolio

2

threatened Plaintiff with violence, used obscene language, or in any other way violated the FDCPA.  (Id. ¶ 18.)

## III.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), courts must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as matter of law."  Fed. R. Civ. P. 56(a).  "A principal purpose of the summary-judgment procedure 'is to isolate and dispose of factually unsupported claims or defenses,' with due regard being given to the rights of those opposing a claim or defense to demonstrate in the manner provided by Rule 56, prior to trial, that a claim or defense has no factual basis."  Bedford v. Doe, 880 F.3d 993, 996 (8th Cir. 2018) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  The Eighth Circuit has acknowledged that this initial burden is "far from stringent."  Bedford, 880 F.3d at 996.  The proponent need not negate the opponent's claims or defenses, and can satisfy its burden in either of two ways: "it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial."  Id.

When a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."  Anderson, 477 U.S. at 250.  Rule 56 therefore requires the nonmoving party to go beyond the pleadings and by her own

OM 519581.1

affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.

## IV.     ARGUMENT

Plaintiff's Complaint contains one count where she alleges that Portfolio violated Section 1692d and 1692d(5) of the FDCPA through calls Portfolio placed to Plaintiff beginning in April 2017 and continuing through September 2017.  (Doc. 1 ¶¶ 14, 28-33.)  She alleges that the calls were harassing, abusing and oppressive "[b]ecause Plaintiff informed Defendant that she did not wish to be contacted," Doc. 1 ¶ 32.

The FDCPA contains a one year statute of limitations.  15 U.S.C. § 1692k(d).  Thus, any calls that occurred *prior* to June 18, 2017 (one year prior to suit) are outside of the statute of limitations and may not serve as the basis of Plaintiff's Complaint.  In regard to the calls that occurred on or *after* June 18, 2017, to establish a violation of the FDCPA, Plaintiff must demonstrate the following: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Klein v. Stewart Zlimen & Jungers, Ltd., No. CV 18-658, 2019 WL 79317, at *3 (D. Minn. Jan. 2, 2019).  For purposes of this Motion only, the first two elements are not at issue.  The third element is at issue in this Motion.

It is Portfolio's initial responsibility to inform the Court of the basis for its Motion for Summary Judgment.  Bedford, 880 F.3d at 996.[2]  The basis of Portfolio's Motion is that, first, Plaintiff has no evidence to establish that she, in fact, advised Portfolio to cease calling and that

---

[2] The movant may satisfy its burden of informing the district court of the basis for its motion in either of two ways:  "it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial."  Bedford, 880 F.3d at 996.

4

Portfolio was required to, but did not, heed her request.  Beyond noting that Plaintiff lacks any evidentiary basis to support her claim, Portfolio also presents affirmative evidence pertaining to Plaintiff's Account and call recordings of its calls to Plaintiff.  (See SOF and SOF at Exs. A and B.)  Those materials demonstrate that Plaintiff did not request that Portfolio cease telephoning her and do not demonstrate any conduct that violates Sections 1692d or 1692d(5).  Thus, as set forth below and in its SOF, Portfolio has satisfied its burden and Plaintiff must respond by "submitting evidentiary materials of specific facts showing the presence of a genuine issue for trial" and cannot rest on mere denials or allegations.  Bedford, 880 F.3d at 996-97.

> **A.  Any Calls That Occurred Before June 18, 2017 Are Outside of the Statute of Limitations**

The FDCPA contains a one year statute of limitations.  15 U.S.C. § 1692k(d).  "The FDCPA's statute of limitations in section 1692k(d) is jurisdictional and cannot be equitably tolled."  Moss v. Barton, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *3 (E.D. Mo. Apr. 8, 2016); Young v. LVNV Funding LLC, No. 4:12CV01180 AGF, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013) (holding that "[i]n the Eighth Circuit, the FDCPA's statute of limitations is considered jurisdictional and cannot be equitably tolled.

Plaintiff filed the instant action on June 18, 2018.  (Doc. 1.)  Thus, telephone calls that occurred prior to June 18, 2017 must be disregarded.  Cf. Moss v. Barton, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *3 (E.D. Mo. Apr. 8, 2016) (rejecting FDCPA claim based on letter that was sent outside of the statute of limitations).  Moreover, subsequent telephone calls that occurred within the statute of limitations "do not re-start the statute of limitations for earlier communications that also may have violated the FDCPA."  Redding v. Capital One Bank (USA), N.A., No. CIV. 10-4386 RHK/FLN, 2011 WL 4340855, at *2 (D. Minn. Sept. 15, 2011).

Thus, _only_ telephone calls that occurred on or subsequent to June 18, 2017 may be the basis of Plaintiff's Complaint.   However, Plaintiff has not identified any such calls that purportedly violate the FDCPA.

### B.  Portfolio's Telephone Calls Do Not Constitute Harassment, Oppression or Abuse Under Section 1692d or Under Section 1692d(5)

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and provides a nonexhaustive list of proscribed conduct.   Section 1692d(5) provides that it is a violation to cause a "telephone to ring or engaging in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."   In determining whether there is a violation of Section 1692d(5), courts consider the volume and pattern of the calls made.   Rollins v. Portfolio Recovery Assocs., LLC, No. 11-00665-CV-W-GAF, 2012 WL 6051999, at *3 (W.D. Mo. Apr. 25, 2012).

It is Plaintiff's burden to establish that Portfolio acted with intent to harass and annoy in violation of the FDCPA.  Higgs v. Diversified Consultants, Inc., No. 4:13-CV-00278-FJG, 2014 WL 1374055, at *2 (W.D. Mo. Apr. 8, 2014).  Plaintiff must come forward with _specific_ facts showing that there is sufficient evidence to allow a jury to return a verdict for it.  Schlattmann v. Portfolio Recovery Assocs., LLC, No. 4:16CV1183 SNLJ, 2018 WL 287772, at *2 (E.D. Mo. Jan. 4, 2018).   It is appropriate for courts to rule on this issue on a motion for summary judgment.  Higgs, 2014 WL 1374055, *3.

### 1.  Plaintiff Has No Evidence That She Verbally Asked Portfolio To Cease Telephoning Her

Here, Plaintiff claims that any calls that Portfolio placed after she instructed Portfolio to cease calling were, by definition, annoying, harassing or abusive.  (Doc. 1 ¶¶ 19-22.)  But the predicate to her claim is undisputedly untrue—she never requested (either in writing or verbally)

6

that Portfolio cease telephoning her.  (SOF ¶¶ 8, 12.)  Again, it is Plaintiff's burden to establish that she, indeed, requested that Portfolio cease telephoning her.  See Higgs, 2014 WL 1374055, at *2.  She has not met her burden, nor can she because at no time did Plaintiff ask Portfolio to cease telephoning her and the calls were not offensive, harassing, obscene, or the like.  (SOF ¶¶ 8, 9, 16, 18.)  For this reason alone, her claim fails and judgment should enter for Portfolio.

**2.      Even If Plaintiff Could Establish That She Verbally Requested That Portfolio Cease Telephoning Her (Which She Cannot), Verbal Requests Do Not Constitute A Violation of the FDCPA**

"If a consumer notifies a debt collector *in writing* that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further," with some exceptions.  15 U.S.C. § 1692c(c) (emphasis added).  Telephone calls subsequent to verbal demands to cease calling do not constitute violations of the FDCPA.  Erickson v. Messerli & Kramer P.A., No. CIV. 09-3044 DWF/JJG, 2011 WL 1869044, at *7 (D. Minn. May 16, 2011) (finding that Defendant's failure to heed Diane Erickson's verbal demand to stop calling did not violate Section 1692d or 1692d(5)).  The request must be in writing to constitute a violation.  Fox v. ProCollect, Inc., No. 4:17CV00634 JLH, 2019 WL 386159, at *6 (E.D. Ark. Jan. 30, 2019).  Indeed, Congress "chose to make communications after a *written* request a *per se* violation of the FDCPA" and "the statute's express prohibition of communications to a consumer after a *written* cease request—not just *any* cease request—implies that merely calling a phone number after an oral request to stop does not, in and of itself, violate § 1692d(5).  Fox, 2019 WL 386159, at *6 (emphasis in original).  Thus, even assuming arguendo that Plaintiff could bring forward evidence that she verbally requested that the calls cease, that would not be enough to establish a violation of Section 1692d or 1692d(5).

### 3.  There Is No Evidence That the Volume, Frequency, Pattern, Or Substance of the Calls Violated The FDCPA

Plaintiff cannot establish that the calls otherwise violated Section 1692d or 1692d(5). "[A]bsent egregious conduct or intent to annoy, abuse, or harass, a debt collector does not violate the FDCPA by persistently calling in the attempt to reach a debtor regarding a debt owed and due." VanHorn v. Genpact Servs., LLC, No. 09-1047-CV-S-GAF, 2011 WL 4565477, at *3 (W.D. Mo. Feb. 14, 2011).  The Eighth Circuit has determined "the question whether a debt collector's conduct in attempting to contact a debtor by telephone amounts to harassment or annoyance in violation of these provisions ultimately turns on evidence regarding the volume, frequency, pattern, or substance of the phone calls." Kuntz v. Rodenburg LLP, 838 F.3d 923, 926 (8th Cir. 2016).  Again, Plaintiff carries the burden of showing that Portfolio's calls were in violation of 15 U.S.C. § 1692d. Moore v. CCB Credit Servs., Inc., No. 4:11CV2132 RWS, 2013 WL 211048, at *3 (E.D. Mo. Jan. 18, 2013).

Portfolio contacted Plaintiff via telephone to collect the debt, and had no intent to harass, abuse, or oppress Plaintiff.  (SOF ¶ 9.)  Plaintiff must point to specific calls or specific facts about the context of the calls to establish a violation of the FDCPA. Bancroft v. Afni Inc., No. 1:12CV1499, 2013 WL 3791465, at *4 (N.D. Ohio July 19, 2013) (granting defendant's motion for summary judgment where the plaintiff "is unable to point to any specific calls, or provide any specific facts about the context of the call.").  Plaintiff has not done that.  (SOF ¶ 17.)

Plaintiff has not brought forth evidence as to the number of calls that Portfolio placed to Plaintiff or, of course, that the number was egregious.  (SOF ¶ 19.)  Plaintiff also has not alleged that Portfolio threatened Plaintiff with violence or used obscene language in its calls to Plaintiff. (Id.)  Thus, Plaintiff lacks evidence to prove that the telephone calls were annoying, abusive, harassing, or oppressive in violation of Sections 1692d or Section 1692d(5).

8

#### 4.      Portfolio's Evidence Conclusively Establishes No Violation

As noted above, it is not Portfolio's burden to disprove Plaintiff's claims.  Portfolio has noted a lack of evidentiary support in the record to demonstrate a violation of the FDCPA, (see, e.g., SOF ¶¶ 8, 12, 14, 16, 18), and Plaintiff must now come forward with admissible evidence in the record to demonstrate a genuine issue of material fact.

However, even if Portfolio was charged with the burden of coming forward with evidence to show no misconduct, it has clearly done so.   Here, Portfolio has presented affirmative evidence in the form of Declarations addressing Plaintiff's Account and call recordings of its calls to Plaintiff.  (See SOF ¶¶ 6-8 and Ex. A ¶¶ 4-10 and Ex. B ¶ 10.)  The Declarations also demonstrate the lack of evidence submitted by Plaintiff and lay foundation for lack of evidentiary material.  (SOF ¶¶ 6-16, 18)  Those materials demonstrate that Plaintiff did not request that Portfolio cease telephoning her.  (Id.)  Those materials also demonstrate that there is no conduct in this case that violates Sections 1692d or 1692d(5).  (Id.)  Thus, as set forth in its SOF, Portfolio has gone beyond its burden and Plaintiff must respond by "submitting evidentiary materials of specific facts showing the presence of a genuine issue for trial" and cannot rest on mere denials or allegations.  Bedford, 880 F.3d at 996-97.

### V.      CONCLUSION

It is Plaintiff's burden to prove that Portfolio violated the FDCPA.  For the reasons set forth above, Plaintiff cannot meet her burden and Portfolio requests that Plaintiff's Complaint be dismissed in its entirety, that summary judgment be entered in its favor, and that the Court grant such other and further relief as it deems proper.

9

DATED this 30th day of April, 2019.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
Shilee T. Mullin, #52207MO
13520 California Street, Suite 290
Omaha, NE 68154
(402) 965-8600  (telephone)
(402) 965-8601  (facsimile)
jdickinson@spencerfane.com
smullin@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733  (telephone)
(314) 862-4656  (facsimile)
pmclaughlin@spencerfane.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 30th day of April, 2019, with notice of case activity generated and sent electronically to counsel of record.

/s/ Joshua C. Dickinson

10

OM 519581.1