## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHANNON BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00042-HEA |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF JOSHUA C. DICKINSON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Joshua C. Dickinson, declare as follows:

1. I am a partner at the law firm Spencer Fane LLP and am counsel for Portfolio Recovery Associates, LLC ("Portfolio") in the above-captioned case. I make this Declaration from my own personal knowledge of the matters set forth herein.

2. Per the Court's Case Management Order (Doc. 17), the deadline to serve disclosures required by Rule 26(a)(1) was October 30, 2018.

3. At no time did Plaintiff serve her Rule 26(a)(1) disclosures in this case.

4. On October 9, 2018, Portfolio served its First Set of Requests for Admission (hereinafter "RFAs"), First Set of Interrogatories (hereinafter "ROGs"), and First Set for Requests for Production of Documents (hereinafter "RFPs") (collectively "Portfolio's written discovery"); and Plaintiff's counsel served Answers to the ROGs, Responses to the RFAs, and Responses to the RFPs on November 8, 2018, true and correct copies of which are collectively attached as "**Exhibit B-1**."

5. On November 12, 2018, I sent detailed meet and confer email correspondence to Plaintiff's counsel identifying answers and responses in Plaintiff's Answers and Responses to

1

OM 520155.1

EXHIBIT B

Portfolio's written discovery that Portfolio believed were incomplete and evasive; Plaintiff's counsel responded via email on November 20, 2018.  A true and correct copy of the November 12, 2018 and November 20, 2018 emails are collectively attached as "**Exhibit B-2**."

6.     On December 13, 2018, Plaintiff served Amended Responses to RFPs, a true and correct copy of which is attached hereto as "**Exhibit B-3**."

7.     In her Amended Responses to RFPs, Plaintiff stated that she does not have any documents to support her allegation that she informed Portfolio that she did not want to be contacted, and that she has no call recordings of telephone calls between her and Portfolio.  Ex. B-3 at Response to Nos. 3 and 5.

8.     On December 13, 2018, Plaintiff served Amended Answers to ROGs, a true and correct copy of which is attached hereto as "**Exhibit B-4**."

9.     In her Amended Answers to ROGs, in response to the request that Plaintiff identify the date and time of all telephone calls that Portfolio placed to her that she asserts violate the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff answered that she would identify the "precise dates and times upon receipt of Defendant's complete and exhaustive account notes/call logs." Ex. B-4 at Am. Answer to ROG No. 2.  Plaintiff failed to identify any particular calls that she alleged violated the FDCPA.  See id.

10.     On December 6, 2018, Portfolio served its responses and answers to Plaintiff's written discovery and, among other things, its call recordings and account notes pertinent to Plaintiff's account at issue.

11.     At no time did Plaintiff supplement her Amended Answers to ROGs or her Amended Responses to RFPs.

2

12.     The only specific telephone number that Plaintiff has alleged that Portfolio contacted her at is xxx-xxx-1057.  See Ex. B-2 at Nov. 20, 2018 email correspondence; Ex. B-4 at Answer to Interrogatory No. 1.

13.     Plaintiff did not amend her Amended Answer to Portfolio's Interrogatory No. 2 to identify the date and time of all calls that Defendant placed to her that she asserts violated the FDCPA.

14.     Not in the course of discovery, nor in Rule 26(a)(1) disclosures, did Plaintiff identify any particular telephone(s) call where Plaintiff advised Portfolio to cease telephoning her.

15.     Plaintiff has not brought forward evidence as to the number of calls that Portfolio placed to Plaintiff and that the number was egregious.  Plaintiff has not alleged that Portfolio threatened Plaintiff with violence or used obscene language in its calls to Plaintiff.

16.     Plaintiff has not identified any actual damages in this case.

I DECLARE AND CERTIFY THAT I HAVE READ THE FOREGOING DECLARATION AND KNOW ITS CONTENTS. PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 30TH DAY OF APRIL, 2019 AT OMAHA, NEBRASKA.


/s/ Joshua C. Dickinson
Signature

3

OM 520155.1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHANNON BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00042-HEA |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Shannon Benson, through undersigned counsel, responds to Defendant's First

Set of Interrogatories Directed to Plaintiff as follows:

### General Objections

1. Plaintiff objects to all requests to the extent that they are vague, overbroad, unduly burdensome, and an attempt to impose duties on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure.

2. Plaintiff objects to all requests to the extent that the requests seek information that is not relevant and not material to the subject matter of this action, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to all requests to the extent that they seek information and/or documents which are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the Federal Rules of Civil Procedure relating to trial preparation materials, or materials which are otherwise privileged and/or not discoverable.

4. The following responses are given without waiver of Plaintiff's right to supplement his responses as subsequently discovered facts and documents become available through discovery in this case. Plaintiff reserves the right to supplement her responses to Defendant's discovery requests.

1

EXHIBIT B-1

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**       Identify all telephone numbers from which you received or placed calls from/to Defendant, including any calls at issue in your Complaint.

**ANSWER:   Plaintiff received calls from Defendant at numbers including but not limited to (660) 353-1057.**

**INTERROGATORY NO. 2:**       Identify the date and time of all telephone calls that Defendant placed to you that you assert violate the Fair Debt Collection Practices Act.

**ANSWER:   Plaintiff received numerous harassing calls from Defendant from April through September of 2017. Plaintiff refers Defendant to its inexaustive and incomplete records it attached as "Exhibit A" to its Requests for Admissions. Plaintiff will identify the precise dates and times upon receipt of Defendant's complete and exhaustive account notes/call logs.  Plaintiff also awaits telephone records from her provider.  Responding further, as Defendant is a corporate entity which maintains logs and recordings of its outgoing calls, this information would be better known to Defendant than to Plaintiff.**

**INTERROGATORY NO. 3:**       Identify the name, address, telephone number and account number for the telephone provider(s) for the numbers at which you allege Defendant spoke with you including, but not limited to, (660) 353-1057.

**ANSWER:   Boost Mobile**

**INTERROGATORY NO. 4:**       Identify by date(s); method (e.g., orally or in writing); if by telephone, your number; and substance of communication, all instances in which you assert that you informed Defendant that you did not wish to be contacted, as alleged in your Complaint.

**ANSWER:   PRA called Ms. Benson 3-4 per day from April 2017 through at least September of 2017.  Benson instructed PRA to stop the calls at least five times, yet the calls continued.  An incomplete and inexhaustive list of calls placed by Defendant appears to be attached to Defendant's Requests for Admission. The specific times and dates of the violative**

2

**calls will become known upon review of Defendant's telephone records, as well the records from Plaintiff's provider.**

**As discovery is ongoing, Plaintiff reserves the right to supplement all responses.**

Dated: November 8, 2018                     By: *s/ Joseph C. Hoeffel*
                                            Joseph C. Hoeffel, Esq.
                                            Kimmel & Silverman, P.C.
                                            30 East Butler Pike
                                            Ambler, PA 19002
                                            Phone: 215-540-8888 ext 105
                                            Facsimile: 877-788-2864
                                            Email: jhoeffel@creditlaw.com

3

## V E R T I F I C A T I O N

I, Shannon Benson, hereby verify that the statements made in the foregoing Answers to Interrogatories, Request for Production of Documents, and Request for Admissions are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties relating to unsworn falsifications to authorities.

DATE:

_____
NAME

10/17/2018 8:46 AM FAX 3953022       LOCH HAVEN OAKVIEW       Ø0002/0002

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SHANNON BENSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00042-HEA |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

**<u>PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION</u>**

Plaintiff, Shannon Benson, through undersigned counsel, responds to Defendant's First

Set of Requests for Admission as follows:

**General Objections**

1.  Plaintiff objects to all requests to the extent that they are vague, overbroad, unduly burdensome, and an attempt to impose duties on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure.

2.  Plaintiff objects to all requests to the extent that the requests seek information that is not relevant and not material to the subject matter of this action, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to all requests to the extent that they seek information and/or documents which are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the Federal Rules of Civil Procedure relating to trial preparation materials, or materials which are otherwise privileged and/or not discoverable.

4.  The following responses are given without waiver of Plaintiff's right to supplement his responses as subsequently discovered facts and documents become available through discovery in this case. Plaintiff reserves the right to supplement her responses to Defendant's discovery requests.

1

## ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST NO. 1:**    Admit that the calls that form the basis of your Complaint were placed only to telephone number (660) 353-1057.

**RESPONSE: Denied as stated.  Defendant's records reflect calls to numbers other than the aforementioned from Defendant.  Plaintiff reserves the right to assert claims against Defendant for any and all violations of the law.**

**REQUEST NO. 2:**    Admit that you have no call recordings of telephone calls with Defendant.

**RESPONSE:  Admitted.**

**REQUEST NO. 3:**    Admit that you have no documents that support your allegation that you told Defendant that you did not wish to be contacted.

**RESPONSE: Denied as stated.  Plaintiff will establish the basis for his claims in the course of discovery and at trial.**

**REQUEST NO. 4:**    Admit that you have no materials that support your allegation that you told Defendant that you did not wish to be contacted.

**RESPONSE: Denied as stated.  Plaintiff will establish the basis for his claims in the course of discovery and at trial.**

2

**REQUEST NO. 5:**    Admit the genuineness of the Defendant's telephone call history with respect to telephone calls made by Defendant pertaining to Plaintiff's alleged retail debt at issue in this case, a copy of which is attached as "Exhibit A."

**RESPONSE: Denied.  Plaintiff cannot and will not stipulate to Plaintiff's business records, which may be incomplete, inaccurate and maintained in a manner suited to Defendant's self-interest.  Responding further, Plaintiff recalls significantly more calls from Defendant than the list it attached.**

**As discovery is ongoing, Plaintiff reserves the right to supplement all responses.**

Dated: November 8, 2018

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 ext 105
Facsimile: 877-788-2864
Email: jhoeffel@creditlaw.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

SHANNON BENSON,                                )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )        Case No. 2:18-cv-00042-HEA
                                               )
PORTFOLIO RECOVERY ASSOCIATES, )
LLC,                                           )
                                               )
        Defendant.                             )

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    All documents, recordings, or tangible things identified, referenced or used in responding to Defendant's First Set of Interrogatories served in this case.

**RESPONSE:  All non-privileged materials were produced.**

**REQUEST NO. 2:**    Your telephone records for any and all months for calls wherein you allege Defendant violated the Fair Debt Collection Practices Act.

**RESPONSE:  Plaintiff will provide said records upon receipt.**

**REQUEST NO. 3:**    Any recordings of telephone calls between you and Defendant.

**RESPONSE:  Plaintiff has no recordings in her possession.**

**REQUEST NO. 4:**    Telephone records from January 1, 2017 to December 31, 2017 for the telephone number (660) 353-1057.

**RESPONSE:  Plaintiff will provide said records upon receipt.**

1

**REQUEST NO. 5:**    Any materials that support your allegation that you informed Defendant that you did not wish to be contacted.

**RESPONSE: Plaintiff will testify that she repeatedly asked Defendant to stop its harassing collection calls.  Plaintiff also anticipates that Defendant's records will reflect that she demanded the calls stop, and that Defendant ignored her demands.**

**As discovery is ongoing, Plaintiff reserves the right to supplement all responses.**

Dated: November 8, 2018

Respectfully submitted,

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 ext 105
Facsimile: 877-788-2864
Email: jhoeffel@creditlaw.com

**From:** Dickinson, Josh
**Sent:** Monday, November 12, 2018 10:58 AM
**To:** 'jginsburg@creditlaw.com'
**Cc:** jhoeffel@creditlaw.com; aginsburg@creditlaw.com; mpanasiuk@creditlaw.com; Heiserman, Judith; Mullin, Shilee
**Subject:** RE: Benson, Shannon v. Portfolio Recovery Associates

Jacob,

Thank you for the discovery responses.  We believe that some of the answers/responses are incomplete and evasive and, thus, the below is a meet and confer pursuant to Fed. R. Civ. P. 37(a)(1).

If you would like to discuss by phone, I am generally available and in the office tomorrow.

Responses to Requests for Production of Documents:

- No. 1—the response states that all non-privileged materials were produced, but no documents have been produced.  Please advise what documents you are producing and provide them.  Also, if you are withholding any documents, please specify what documents are being withheld.  See FRCP 34(b)(2).
- No. 2—when can we expect the records?  Per FRCP 34(b)(2), the records were to be produced with the responses.
- No. 3—does Plaintiff have any recordings not in her possession?
- No. 4—same inquiry as No. 2.
- No. 5—the response does not answer the Request.  Please provide all materials that your client has that supports her allegation that she advised Defendant that she did not wish to be contacted.  If she does not have any such documents, please so state.

Responses to Request for Admission:

EXHIBIT B-2

In general, your responses inappropriately duck admitting requests based upon the hope that evidence may arise in the future.  That is not a basis to deny an admission.  These requests ask you to admit now, and your responses must be based upon the current status.  You need to respond.  If evidence develops in the future, you can amend the response.

- No. 1—Please explain.  Does your client have another telephone number to which she asserts that she received calls from Defendant?  If not, you must admit this request.
- No. 3—if your client does not presently possess any such documents, she must admit this request.  If she has such documents, she must produce them per RFP No. 5.  As is, the responses are clearly evasive.  The request did not ask you what you think you will be able to do in the future.  It's asking whether you have documents now.  You must answer the question.  If you want to supplement in the future, you have that right.
- No. 4—again, your client did not answer the question.  If you client presently has no materials, she must admit this request.  If she has such documents, she must produce them per RFP No. 5.

Interrogatory Answers:

- No. 1—your client did not fully answer this interrogatory.  What other telephone numbers does she assert that Defendant telephoned her at?  We are entitled to know *all* telephone numbers.
- No. 2—when will records be provided?  It is our understanding that your client could obtain records of incoming and outgoing calls by going online and signing in to her account.  Please advise.
- No. 3—this answer is incomplete.  What is the address, telephone number and account number for Boost Mobile?

Please provide a response by **Wednesday, November 14th**.

Best,

**From:** Jacob U. Ginsburg [mailto:jginsburg@creditlaw.com]
**Sent:** Tuesday, November 20, 2018 11:38 AM
**To:** Dickinson, Josh
**Cc:** jhoeffel@creditlaw.com; aginsburg@creditlaw.com; mpanasiuk@creditlaw.com; Heiserman, Judith; Mullin, Shilee; nchilds@creditlaw.com
**Subject:** RE: Benson, Shannon v. Portfolio Recovery Associates

**Josh:**

**I address your points of contention in bold font to distinguish my response from your original comments:**

Responses to Requests for Production of Documents:

- No. 1—the response states that all non-privileged materials were produced, but no documents have been produced.  Please advise what documents you are producing and provide them.  Also, if you are withholding any documents, please specify what documents are being withheld.  See FRCP 34(b)(2).

  **We were previously under the impression that Plaintiff used T-Mobile services during the relevant time period, and therefore, issued a subpoena to T-**

**Mobile.  We have come to learn that Plaintiff used Boost Mobile during the relevant time period rather than T-Mobile (she was with T-Mobile prior to 2017).  A subpoena will go out to Boost today or tomorrow.   We will provide you telephone records upon receipt.**

- No. 2—when can we expect the records?  Per FRCP 34(b)(2), the records were to be produced with the responses.

    **See above.**

- No. 3—does Plaintiff have any recordings not in her possession?

    **Plaintiff could not locate any recordings at this time, however reserves the right to produce such recordings in the event they are located.**

- No. 4—same inquiry as No. 2.

    **See above.**

- No. 5—the response does not answer the Request.  Please provide all materials that your client has that supports her allegation that she advised Defendant that she did not wish to be contacted.  If she does not have any such documents, please so state.

    **Plaintiff's instruction to cease the calls was verbal.  Plaintiff does not have documentation of this in her possession at this time.**

Responses to Request for Admission:

In general, your responses inappropriately duck admitting requests based upon the hope that evidence may arise in the future.  That is not a basis to deny an admission.  These requests ask you to admit now, and your responses must be based upon the current status.  You need to respond.  If evidence develops in the future, you can amend the response.

- No. 1—Please explain.  Does your client have another telephone number to which she asserts that she received calls from Defendant?  If not, you must admit this request.

    **PRA's  records reflect calls to other persons and other numbers.**

- No. 3—if your client does not presently possess any such documents, she must admit this request.  If she has such documents, she must produce them per RFP No. 5.  As is, the responses are clearly evasive.  The request did not ask you what you think you will be able to do in the future.  It's asking whether you have documents now.  You must

answer the question.  If you want to supplement in the future, you have that right.

**She has no documents in her possession at this time.  She will testify that she told PRA to stop the calls, and reserves the right to rely on any documents obtained prior to trial.**

- No. 4—again, your client did not answer the question.  If you client presently has no materials, she must admit this request.  If she has such documents, she must produce them per RFP No. 5.

**See above.**

Interrogatory Answers:

- No. 1—your client did not fully answer this interrogatory.  What other telephone numbers does she assert that Defendant telephoned her at?  We are entitled to know *all* telephone numbers.

**PRA called Ms. Benson at 660-353-1057.  PRA provided a call log which reflects calls made to other numbers in connection with its efforts to collect on Plaintiff's account.**

- No. 2—when will records be provided?  It is our understanding that your client could obtain records of incoming and outgoing calls by going online and signing in to her account.  Please advise.

**Boost only makes telephone records available to customers for the 90 days prior.  A subpoena will be sent to Boost Mobile and records will be forwarded to you upon receipt.**

- No. 3—this answer is incomplete.  What is the address, telephone number and account number for Boost Mobile?

**In connection with her Boost Mobile account, Plaintiff maintained the phone number of (660) 353-1057.  That telephone number is and at all times relevant hereto, was also the assigned account number.**

**Boost Worldwide, Inc.**
**Connecticut DPUC 10 Franklin Square**
**New Britain, CT 06051**

Jacob U. Ginsburg, Esq.

Kimmel & Silverman, PC

30 East Butler Pike

Ambler, PA 19002-4514
Direct Dial: (267) 468-7662
Toll Free: 1-800-LEMON-LAW (for Lemon Law)
Toll Free: 1-800-NOT-FAIR (for Credit Law)
Voice: 1-215-540-8888 ext. 104
Fax: 1-215-540-8817 (for Lemon Law)
Fax: 1-877-600-2112 (for Credit Law)

Representing REAL people with REAL problems since  1991©.
© Copyright 1991-2018. All Rights Reserved.

Visit us at www.CreditLaw.com (for consumer debt  issues); www.LemonLaw.com (automobile warranty claims) and www.UnfairlyFired.com (employment  discrimination and Title VII claims)

CreditLaw.com Disclaimer: Submitting inquiries through our website does not create an attorney-client relationship between you and our firm or any of its attorneys. Each case is evaluated prior to acceptance and representation agreements are always set forth in writing.

Confidentiality: The information in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above; delete the original message and any copy of it from your computer system.

Thank you.

CreditLaw .com is a service of Kimmel & Silverman, P.C., © Copyright 2018, all rights reserved.

* CONSUMER ALERT: NEVER disclose your bank account or credit card  information to a debt collector. NEVER be fooled by telephone calls from  authorities demanding  personal information about your bank account, credit cards  or assets.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

SHANNON BENSON,           )
                                       )
      Plaintiff,           )
                                       )
vs.                             )      Case No. 2:18-cv-00042-HEA
                                       )
PORTFOLIO RECOVERY ASSOCIATES, )
LLC,                            )
                                       )
      Defendant.        )

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**    All documents, recordings, or tangible things identified, referenced or used in responding to Defendant's First Set of Interrogatories served in this case.

**RESPONSE: All non-privileged materials were produced or will be produced upon receipt. Plaintiff is waiting for responsive documents to its subpoena to Boost Mobile, which has been provided..**

**REQUEST NO. 2:**    Your telephone records for any and all months for calls wherein you allege Defendant violated the Fair Debt Collection Practices Act.

**RESPONSE: Plaintiff will provide said records upon receipt.**

**REQUEST NO. 3:**    Any recordings of telephone calls between you and Defendant.

**RESPONSE: Plaintiff has no recordings in her possession.**

**REQUEST NO. 4:**    Telephone records from January 1, 2017 to December 31, 2017 for the telephone number (660) 353-1057.

**RESPONSE: Plaintiff will provide said records upon receipt.**

1

EXHIBIT B-3

**REQUEST NO. 5:**   Any materials that support your allegation that you informed Defendant that you did not wish to be contacted.

**RESPONSE: Plaintiff will testify that she repeatedly asked Defendant to stop its harassing collection calls.  Plaintiff also anticipates that Defendant's records will reflect that she demanded the calls stop, and that Defendant ignored her demands. Plaintiff has no physical documents responsive to this request.**

**As discovery is ongoing, Plaintiff reserves the right to supplement all responses.**

Dated: December 13, 2018

Respectfully submitted,

By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 ext 105
Facsimile: 877-788-2864
Email: jhoeffel@creditlaw.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHANNON BENSON, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-00042-HEA |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
|      Defendant. | ) | |

## PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, Shannon Benson, through undersigned counsel, responds to Defendant's First

Set of Interrogatories Directed to Plaintiff as follows:

### General Objections

1. Plaintiff objects to all requests to the extent that they are vague, overbroad, unduly burdensome, and an attempt to impose duties on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure.

2. Plaintiff objects to all requests to the extent that the requests seek information that is not relevant and not material to the subject matter of this action, and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to all requests to the extent that they seek information and/or documents which are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the Federal Rules of Civil Procedure relating to trial preparation materials, or materials which are otherwise privileged and/or not discoverable.

4. The following responses are given without waiver of Plaintiff's right to supplement his responses as subsequently discovered facts and documents become available through discovery in this case. Plaintiff reserves the right to supplement her responses to Defendant's discovery requests.

1

EXHIBIT B-4

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all telephone numbers from which you received or placed calls from/to Defendant, including any calls at issue in your Complaint.

**ANSWER:** **Plaintiff received calls from Defendant at numbers including but not limited to (660) 353-1057. While Plaintiff's claims were primarily brought for calls to that number, PRA provided a call log which reflects calls made to other numbers in connection with its efforts to collect on Plaintiff's account. Plaintiff reserves the right to collect for all available damages under the law.**

**INTERROGATORY NO. 2:** Identify the date and time of all telephone calls that Defendant placed to you that you assert violate the Fair Debt Collection Practices Act.

**ANSWER:** **Plaintiff received numerous harassing calls from Defendant from April through September of 2017. Plaintiff refers Defendant to its inexaustive and incomplete records it attached as "Exhibit A" to its Requests for Admissions. Plaintiff will identify the precise dates and times upon receipt of Defendant's complete and exhaustive account notes/call logs. Plaintiff also awaits telephone records from her provider. Responding further, as Defendant is a corporate entity which maintains logs and recordings of its outgoing calls, this information would be better known to Defendant than to Plaintiff.**

**Plaintiff issued a subpoena to Boost Mobile, which she will provide. No response to this subpoena has been provided by Boost.**

**INTERROGATORY NO. 3:** Identify the name, address, telephone number and account number for the telephone provider(s) for the numbers at which you allege Defendant spoke with you including, but not limited to, (660) 353-1057.

**In connection with her Boost Mobile account, Plaintiff maintained the phone number of (660) 353-1057. That telephone number is and at all times relevant hereto, was also the assigned account number.**

**Boost Worldwide, Inc.**
**Connecticut DPUC 10 Franklin Square**
**New Britain, CT 06051**

2

**INTERROGATORY NO. 4:**        Identify by date(s); method (e.g., orally or in writing); if by telephone, your number; and substance of communication, all instances in which you assert that you informed Defendant that you did not wish to be contacted, as alleged in your Complaint.

**ANSWER:     PRA called Ms. Benson 3-4 per day from April 2017 through at least September of 2017.   Benson instructed PRA to stop the calls at least five times, yet the calls continued.  An incomplete and inexhaustive list of calls placed by Defendant appears to be attached to Defendant's Requests for Admission. The specific times and dates of the violative calls will become known upon review of Defendant's telephone records, as well the records from Plaintiff's provider.**

**As discovery is ongoing, Plaintiff reserves the right to supplement all responses.**

Dated: December 13, 2018                    By: *s/ Joseph C. Hoeffel*
                                                                        Joseph C. Hoeffel, Esq.
                                                                        Kimmel & Silverman, P.C.
                                                                        30 East Butler Pike
                                                                        Ambler, PA 19002
                                                                        Phone: 215-540-8888 ext 105
                                                                        Facsimile: 877-788-2864
                                                                        Email: jhoeffel@creditlaw.com