# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SHANNON BENSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18CV42 HEA |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 28]. For the reasons set forth below, the motion is granted.

## Background

Plaintiff Shannon Benson claims that efforts made by Defendant Portfolio Recovery Associates, LLC to collect debt allegedly owed by Benson violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff alleges that Defendant, a debt collector, in connection with the collection of a debt engaged in conduct the natural consequence of which were to harass, oppress, or abuse Plaintiff, and caused a telephone to ring to engage Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff in violation of FDCPA §§ 1692d and 1692d(5).

1

Defendant seeks summary judgment on Plaintiff's claim, arguing that its communications with Plaintiff did not violate the FDCPA.   In support of its motion, Defendant claims that Plaintiff has not presented evidence to support her claim.[1]

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  *Davison v. City of Minneapolis, Minn*., 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(a).   Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).   An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.   *Id*.   "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law."  *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted).   The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted).   Once the

---

1 Defendant also argues that some of the calls in question occurred outside the statute of limitations for this action.   The Court does not reach this argument.

moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted)

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of

law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## **FDCPA**

To prevail on a claim pursuant to the FDCPA, plaintiff must allege and prove that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; [and] (3) the defendant has violated by act or omission a provision of the FDCPA." *Glackin v. LTD Fin. Servs., L.P.*, No. 4:13-CV-00717 CEJ, 2013 WL 3984520, at *1 (E.D. Mo. Aug. 1, 2013). The first two elements are not in dispute.

The FDCPA expressly prohibits many harassing, deceptive, and unfair debt collection practices, including the use of obscene language or threats of violence, impersonation of government officials, misrepresentation of a consumer's legal rights, and simulation of court process. In addition to such specific prohibitions, the FDCPA in general terms prohibits any harassing, unfair or deceptive collection

4

practices. This allows courts, where appropriate, to proscribe other improper conduct which has not been specifically addressed. "[A]lthough the question of whether conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury, ... Congress has indicated its desire for the courts to structure the confines of § 1692d." *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F. Supp. 2d 795, 799 (D. Minn. 2009) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir.2006) (internal quotation omitted)). "If a creditor's alleged acts do not have the natural consequence of harassing, oppressing, or abusing a debtor, courts will dismiss the claim." *Id.*

"To determine whether a debt collector's calls amount to harassment, annoyance or abuse, the volume of calls must be examined along with the pattern in which they were made and whether or not they were accompanied by oppressive conduct." *Moore v. CCB Credit Services, Inc.*, 4:11CV2132 RWS, 2013 WL 211048, at *3 (E.D. Mo. Jan. 18, 2013). "Making legitimate, persistent efforts to contact a debtor does not violate the FDCPA." *Id.* at *4. Even "placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct (threatening messages)," is not sufficient to show an FDCPA violation. *Id.* at *3.

## **Undisputed Record and Discussion**

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts.   Although Plaintiff included a "Counter-Statement of Material Facts" in her memorandum, she failed to note the disputed paragraph number from Plaintiff's statement of facts and failed to support some of her statements with any specific references to admissible evidence in the record.   Mere conclusions and self-serving statements are insufficient. Local Rule 7-401(E) provides:

> Rule 7 - 4.01 Motions and Memoranda.
>
> (E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendant's facts may be deemed admitted. Regardless, Plaintiff's statements of fact do not create a material fact dispute.   First, many of Plaintiff's "facts" are legal conclusions or unsupported opinions, for example: "[Defendant] began its campaign of harassing telephone calls and coercive

collection tactics;" "[Defendant] became aggressive and intrusive;" "[Defendant] insulted the character and integrity of [Plaintiff] by questioning the truth of her description of her experience of financial insecurity and joblessness." Some of these conclusory statements are based on Defendant's call recordings and call logs that Plaintiff offered as exhibits with her motion in opposition. The Court will consider those exhibits.

The material facts, therefore, are as follows. Defendant is a debt collector regulated by the FDCPA. Plaintiff is an individual consumer who incurred the credit card debt at issue. On December 17, 2015, Plaintiff's account was "charged off" and sold to Defendant. Defendant called Plaintiff several times to collect the debt. Defendant maintains call logs for each account. The call logs for Plaintiff's account shows calls from Defendant to Plaintiff on January 18, January 26, February 3, February 9, March 1, May 10, June 5, August 24, and September 13, 2017.

On the January 18 call, Plaintiff tells Defendant's employee that she would like to pay her debt but has no money to do so. The employee asks Plaintiff about her tax return, and whether she expects to get a return that is large enough to pay the debt in full. Plaintiff states that she wants to pay the debt in full and mentions that she knows Defendant can "expunge some of it off." The employee suggests that they schedule a payment for February 28, and if Plaintiff's tax return has not arrived

7

by February 28, Plaintiff can call and push the payment back.   Plaintiff says she does not use checks but the employee says she can use a debit card, to which Plaintiff agrees.   Plaintiff and the employee discuss a settlement amount which Plaintiff accepts.   Plaintiff again asks what will happen if she doesn't have the money in time, and the employee reiterates that she can call and push the payment date back if needed.   When a second employee of Defendant gets on the line to verify the payment plan, Plaintiff says she feels "real uncomfortable" because she is not sure if money will be in the account.   The second employee again states that Plaintiff can make changes to the payment date if need be and transfers Plaintiff back to the first employee.   The first employee again explains the date change option and informs Plaintiff that Defendant will send an "arrangement letter" immediately and a reminder letter 5 to 7 days before the payment is to be processed. Plaintiff states that she does not want to give out her debit card information but wants the arrangement letter sent.   The employee explains that she cannot send an arrangement letter until the payment information is saved.   She further explains that Plaintiff's account will go back to the "collection floor" and that Plaintiff will continue to receive calls from Defendant.   Plaintiff assents to continued calls at this time.   The employee verifies Plaintiff's phone number and again states that someone will follow up with Plaintiff, to which Plaintiff replies, "Please do."

Plaintiff argues that the Defendant's January 18 suggestion that Plaintiff pay the debt from her anticipated tax return "clearly made Benson uncomfortable (specifically, Benson said "I'm feeling real real real uncomfortable . . .)"  The recording refutes this assertion.  Plaintiff expressed interest in paying the debt "in full" with her tax return, negotiated a payoff amount with Defendant, and only said she was getting "real real real uncomfortable" when asked to give her debit card information because she feared she would not have enough money in her account on February 28.  At no point during the call does the Plaintiff seem distressed, outside of feeling "uncomfortable" about giving her debit card information.  Although Defendant persistently explained that Plaintiff could change the payment date, when Plaintiff unequivocally stated that she did not want to give her debit card information, Defendant acquiesced and ended the call.

The 1 minute, 22 second February 9 call between Plaintiff and another employee of Defendant begins with an introduction, exchange of pleasantries, and the employee's recitation of standard legal disclaimers.  The conversation then proceeds as follows:

> EMPLOYEE: Miss Benson you have a relatively small balance due of $390.17.   How I can I work with you on getting this resolved?
>
> PLAINTIFF: Um, at this time you can't. I told them that as soon as I get ahold of some money because I'm not working…
>
> EMPLOYEE: Oh boy, how long have you been out of work?

9

> PLAINTIFF: Since the 31st of December.
>
> EMPLOYEE: Oh! Payments have not been made since May 1st of 2015.
>
> PLAINTIFF: I know when it's the last time I made a payment. I also told them that I plan on making, to settle this debt, and when I can, I will let you guys know.
>
> EMPLOYEE: But since you were working last year, have, exactly have you thought about doing your settlement…
>
> PLAINTIFF: I told you what I plan on doing, so.
>
> EMPLOYEE: Oh, ma'am, you made a commitment on…
>
> PLAINTIFF: Bye!
>
> EMPLOYEE: … your debt.

Plaintiff alleges that Defendant "placed considerable pressure on [Plaintiff] to make payment despite [Plaintiff's] explanation she that she was out of work and without any available funds." Plaintiff also alleges that Defendant was "condescending" and "insulted [Plaintiff's] character and integrity."

No reasonable reader of the above conversation could find that it constitutes harassment, oppression, or abuse. Defendant did not use obscene language, threaten violence, or say anything untrue. Plaintiff's merely becoming "upset" by Defendant's call does not rise to an actionable claim under the FDCPA, as "[s]ome inconvenience or embarrassment to the debtor is a natural consequence of debt collection." *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986).

Plaintiff has seemingly abandoned her allegation that she verbally told Defendant to cease communications. Indeed, there is no evidence submitted that she ever made such a verbal request. Rather, Plaintiff now states that she "hung up on [Defendant]" at least twice, and that "despite the repeated signal to stop calling . . . [Defendant] continued to call [Plaintiff], despite having knowledge that the calls were unwanted." Section 1692c(c) requires consumers to provide written notification to debt collectors in order to cease communication. Merely hanging up on a debt collector does not fulfill this statutory requirement.

The frequency of Defendant's calls also fails to rise to the level of harassment required to constitute a violation of the FDCPA. Although the Complaint alleges "incessant calls" by Defendant, the undisputed evidence shows that Defendant made nine calls to Plaintiff in eight months, spaced no less than 6 days apart. No reasonable jury could find that this volume and frequency of calls, without more, constitutes harassment. *See, e.g. Moore v. CCB Credit Services, Inc.*, 2013 WL 211048, at *4 (Sixty-five calls to a debtor in a five-month period insufficient to show FDCPA violation absent evidence of intent to harass.)

Based on the undisputed evidence, without regard to speculation, conclusion, or innuendo, no reasonable jury could find Defendant violated the FDCPA. Plaintiff has failed to substantiate her self-serving allegations with probative

evidence that would permit a finding in her favor. Summary judgment in favor of Defendant is warranted.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 28] is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE